**Khushvir Singh SUMAN; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71517.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Hector M. Roman, Roman & Singh, Jackson Heights, NY, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent. On Petition for Review of an Order of the Board of Immigration Appeals. Agency Nos. A95–410–284, A95–410–286, A95–410–285, A95–410–287.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Khushvir Singh Suman ("Suman"), lead petitioner, his wife, Savita Suman, and minor child Pundit Singh Suman, natives and citizens of India, and minor child Princess Suman, a native of the Philippines and citizen of India (collectively "petitioners"), petition for review for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of petitioners' asylum claim on the basis of an adverse credibility finding. Suman's testimony and declaration statement that he experienced employment discrimination in April 1984 following the assassination of Indira Ghandi are directly con-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tradicted by the State Department's report on country conditions, which states that Ghandi was assassinated on October 29, 1984. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (holding that testimony that is "implausible in light of the background evidence" can support an adverse credibility finding). Moreover, the IJ cited specific, cogent reasons for doubting Suman's Sikh identity, which petitioners claim to be the motivation for his past and probable future persecution in India, and thus also supports the IJ's adverse credibility finding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Petitioners also failed to produce corroborating evidence to support their claims in the absence of providing credible testimony. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Farah,* 348 F.3d at 1156.

Because petitioners' claim under the CAT is based on the same testimony that the IJ found not credible, and they point to no other evidence that they could claim the IJ should have considered in making her determination under CAT, their CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**